878 F.2d 1446
 11 U.S.P.Q.2d 1889
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PATENT INCENTIVES, INC., Plaintiff-Appellant,
v.
SEIKO EPSON CORPORATION and Hyundai Corporation, Defendants-Appellees.
 No. 89-1087.
 United States Court of Appeals, Federal Circuit.
 June 7, 1989.
 
 Before FRIEDMAN, MAYER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Patent Incentives, Inc. (Patent Incentives) appeals the order dated September 6, 1988, entered by the United States District Court for the District of New Jersey, dismissing its patent infringement complaint against Seiko Epson Corporation (Seiko Epson) for lack of personal jurisdiction. We affirm.
 
 Background
 
 2
 Based on three United States patents that relate to personal computers, Patent Incentives, a New York corporation, has, according to the district court, issued non-exclusive sub-licenses to most of the leading Japanese personal computer manufacturers who usually sell their computers through subsidiaries in the United States. Seiko Epson manufacturers computers in Japan and Korea and sells them to its affiliate, Epson America, Inc. (Epson), F.O.B. in Japan or Korea. Although Seiko Epson and Patent Incentives discussed the possibility of a sub-licensing arrangement, no such arrangement was ever negotiated. Because neither Seiko Epson nor Epson entered into a sub-licensing agreement with Patent Incentives, Patent Incentives brought an action for direct, inducive, and contributory infringement against Seiko Epson. Seiko Epson brought a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Patent Incentives based its opposition to the motion on its attorney's declaration; the attorney had attempted no formal discovery relating to the issue of personal jurisdiction because he believed that Seiko Epson would not have cooperated.
 
 
 3
 Even though the district court judge had limited facts before him to assess whether the court had personal jurisdiction over Seiko Epson, he analyzed the question in accordance with each of the several recognized theories for deciding if personal jurisdiction exists and reached the same conclusion. On the facts before him, he determined that there was no personal jurisdiction.
 
 OPINION
 
 4
 Our jurisdiction is based on 28 U.S.C. Sec. 1295(a)(1) (1982). "[O]ur decision to follow another circuit's interpretation of a common jurisdictional statute results from the persuasiveness of its analysis, not any binding effect." Woodard v. Sage Products, Inc., 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc).
 
 
 5
 Patent Incentives bore the burden of proof of establishing the district court's personal jurisdiction over Seiko Epson once Seiko Epson raised its Fed.R.Civ.P. 12(b)(2) defense. Provident National Bank v. California Federal Savings & Loan Association, 819 F.2d 434, 437 (3d Cir.1987). It had to respond to the motion by "establishing jurisdictional facts through sworn affidavits or other competent evidence." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66-67 n. 9 (3d Cir.1984). However, except for Patent Incentives' attorney's unsworn declaration, Patent Incentives presented no such evidence. In the event it relied on the facts contained in Seiko Epson's affidavits to support its opposition, these facts are not legally sufficient to carry its burden of proof. We conclude, adopting the thorough analysis of the court below, that, based on the facts before the district court, personal jurisdiction was not established.
 
 
 6
 Patent Incentives argues that, to the extent it did not establish personal jurisdiction, it should be afforded the opportunity to prove personal jurisdiction after discovery. Our review of the appropriateness of the district court's dismissal of the case before Patent Incentives engaged in formal discovery is limited, however, to determining if the district court abused its discretion. Marroquin-Manriquez v. Immigration and Naturalization Service, 699 F.2d 129, 134 (3d Cir.1983), cert. denied, 467 U.S. 1259 (1984).
 
 
 7
 We determine that Patent Incentives waived its rights and opportunity for discovery when it failed to attempt any formal discovery prior to the hearing. Under Fed.R.Civ.P. 30 and 34, discovery may proceed without court intervention. Patent Incentives' attorney's excuse before this court that he did not attempt discovery because he believed that Seiko Epson would not cooperate is unacceptable. Fed.R.Civ.P. 37 provides a mechanism for compelling discovery if a party fails to cooperate.
 
 
 8
 Accordingly, we affirm.